PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 1998 Buick Century struck a boulder while she was traveling northbound on State Route 4 in Braxton County, between Gassaway and Frametown, West Virginia. State Route 4 is a road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on January 8, 2007, at approximately 6:30 p.m. State Route 4 is a two-lane paved road with a speed limit of fifty-five miles per hour. Claimant was driving to a meeting in Gassaway in dry conditions when she spotted an object in the road that was about ten feet away from her *57 vehicle. Claimant’s vehicle struck a boulder and sustained damages totaling $422.21. Ms. Moore’s insurance deductible is $100.
The position of the respondent is that it did not have notice of the boulder on State Route 4. Gary Moore, Assistant Supervisor for respondent in Braxton County, testified that a rock fall is an infrequent occurrence in the area in question and occurs only about twice a year. Consequently, there are no “falling rock” signs on this stretch of the road. Mr. Moore further testified that State Route 4 is a priority road, and respondent’s employees promptly remove rocks from this area as soon as it is notified.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept of Highways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person orproperty is insufficient to justify an award. Coburn v. Dept. of Highways, 16 Ct. Cl. 68 (1985).
In the present claim, claimant has not established that respondent failed to take adequate measures to protect the safely of the traveling public on State Route 4. Evidence adduced at the hearing established that the respondent did not receive any notice or complaints of rock falls along this stretch of State Route 4 prior to the claimant’s incident. While the Court is sympathetic to claimants’ plight, the fact remains that there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.